IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES ALLEN GAMACHE, | ) | No. C 09-03870 JW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| JOHN DOE, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the California State Prison - Corcoran, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 against Salinas Valley State Prison officials, alleging they are liable for his injuries after a slip-and-fall that occurred under escort at Monterey County Superior Court.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

It is well-established that neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991), or, in the case of allegations of excessive force, the prisoner must show that officials applied force "maliciously and sadistically for the very purpose of causing harm," Hudson v. McMillian, 503 U.S. 1, 6 (1992).

Plaintiff alleges that the two escorting officers, John Doe 1 and John Doe 2, made plaintiff use the stairs rather than the handicap access elevator that was in operation at the time. (Compl. at 6.) Plaintiff admits that he was able to make it up the stairs very slowly albeit with some pain. (Id. at 5.) Plaintiff's fall occurred later, as he was on his way down, when one of his hard plastic soled shoes slipped off a step. (Id. at 6.)

Assuming that the allegations against defendants actions are true, their actions amount to nothing more than negligence, or at the most gross negligence. Plaintiff has failed to show that defendants' failure to use the elevator was motivated by a deliberate intent to cause plaintiff harm rather than to avoid the inconvenience

of a slow elevator. (Id.) Furthermore, defendants witnessed plaintiff walking up the stairs without mishap and assistance and therefore it could not be said that they knew or had reason to know at that time that he was incapable of walking down the stairs safely on his own. Accordingly, plaintiff's slip-and-fail claim is DISMISSED because it amounts to no more than a claim of negligence and is not actionable under § 1983.

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED with prejudice.

DATED: January 5, 2010

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.09\Gamache03870_dismissal.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES ALLEN GAMACHE,

        Plaintiff,

  v.

JOHN DOE, et al.,

        Defendants.

Case Number: CV09-03870 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   1/15/2010  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Allen Gamache T-12825
CSP - Corcoran
P. O. Box 3481
Corcoran, CA 93212

Dated:   1/15/2010

        Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk